## COUNTY OF ORLEANS,

### AT THE

## AUGUST TERM, 1874.

PRESENT:

Hon. JAMES BARRETT,
Hon. HOYT H. WHEELER,  } Assistant Judges.
Hon. HOMER E. ROYCE,
Hon. JONATHAN ROSS,

---

DAVID H. GILMAN ET ALS. *v.* THE TOWN OF WESTFIELD.

*Laying Out and Establishing Highways.*

A highway may be laid and established in one town, solely upon the petition of residents thereof, although the only land and premises interested in the construction of the road, are situate in an adjoining town.

PETITION to the county court for laying out a highway in the town of Westfield, terminating at the Troy line. The commissioners found that the public good and the convenience and necessity of individual inhabitants, required the road ; and they accordingly laid out the same, and reported that the only land or premises interested in the construction thereof, were situated in the town

of Troy; that the road was wholly in the town of Westfield; and that the petitioners all resided in Westfield.

The court, at the September term, 1873, REDFIELD, J., presiding, accepted the report and established the highway, and fixed a time for the payment of land damages and the opening of the road for work and its completion. To the acceptance of the report and the establishment of the road, the defendant excepted.

*W. D. Crane*, for the defendant.

If this road is established and built, it will neither accommodate or benefit any property in Westfield, and will accommodate and benefit lands in Troy alone. The question fairly raised by the report is, are towns legally bound to build and maintain pent roads for the sole accommodation of lands entirely without their chartered limits, and within the chartered limits of an adjacent town? The defendant denies such liability, and claims that it is liable to build and maintain roads only in cases where "land and premises" within its own limits are interested and benefited thereby. This is a case for which provision is made in § 54, ch. 24, of the Gen. Sts., and if the road is to be built and maintained, it should be done at the joint expense of Westfield and Troy.

*J. T. Allen*, for the plaintiffs.

The petition does not ask for a highway to be laid out of the county of Orleans, nor the town of Westfield. Such being the fact, there cannot be anything to defendant's objection. *Moore et als* v. *Chester*, 45 Vt. 505.

This is a proceeding under our Gen. Sts., and is in all things in strict conformity thereto. Sec. 44, ch. 24.

The commissioners find that the public good and the convenience and necessity of individual inhabitants, require the construction of the highway. This finding is conclusive. *Londonderry* v. *Peru*, 45 Vt. 424.

The owners of land must, in some fair way, have access to them for themselves and their cattle, both in summer and winter. *Paine* v. *Leicester*, 22 Vt. 44. If defendant town felt oppressed, and thought the town of Troy ought to contribute to the

expense of building this highway, the statute points out the way the question can be settled. Gen. Sts. § 65, ch. 24. And this relief can be obtained after the road is laid out and built, but not in this proceeding.

The opinion of the court was delivered by

BARRETT, J. The persons petitioning both the selectmen and the county court, were freeholders of the town of Westfield, and they were asking to have a highway laid out within that town.. The commissioners, for the cause prescribed by the statute, laid out the highway asked for. It is shown by the report " that the only land or premises interested in the construction of the road, lie in the town of Troy." It is claimed that this fact excludes the case from the scope and operation of the statute authorizing and providing for the laying out of highways by the present proceeding. We have not been pointed to, nor have we discovered, any specific provision to this effect. If such result is to be asserted and maintained, it must be by construction, and by deduction from provisions of the statute in other respects, touching the laying out of highways. " The convenience of the inhabitants and the public good," constitute the occasion and the final cause of the laying out, expressed in § 1, ch. 24, Gen. Sts. In § 21, the ground is specified on which the selectmen are to act in the given case, viz : " If they shall judge the public good, or the necessity or convenience of individuals, shall require such highway to be laid out," &c. The ground of action is the same when the case proceeds in the county court. Now it is to be noticed that the statute does not designate where persons shall be located, in order to enable them to help constitute the *public* whose *good* may constitute cause and occasion for laying out a proposed highway. Nor does it define any required location of *individuals* whose *necessity* or convenience shall require the road to be laid out. It only defines what condition of persons may be proper petitioners, and in what town the proposed road is to be located. It is quite conceivable, and perhaps this case may illustrate, that sometimes the public whose good is to be served, and the individuals whose necessity or convenience is to be ministered to, may require a highway out-

side of the line and limits of the town in which they are located. It would seem to be a new idea, that in such case they are to be without relief—a *casus omissus*. On the other hand, it is plain from the provisions of the statute, and from the entire course of usage and sentiment on the subject, that, as between towns, the matter of highways is one of mutual comity, the inhabitants of each town having in all other towns the same free and full right to use and enjoy the highways as the inhabitants of such other towns have. In this way the duty imposed on each town respectively, is compensated and counterbalanced in respect to other towns, by the fruits of the equal duty proffered to the inhabitants of each town by every other town in the state. The matter of providing public highways, is one of the primary duties of the state to its subjects, in virtue of which it holds its sovereign right of eminent domain. The detail of provision by which towns are required to do that service within their respective bounds, constitutes the mode and means by which the state realizes to all its inhabitants the enjoyment of their right as citizens and subjects to have public highways provided. This right, as recognized and accorded by the state, is not embarrassed by the incident of town lines. The inhabitants of the state, in whatever town may be their dwelling place, in reference to highways required by their convenience or necessity, are confined to " no pent-up Utica."

The remarks of Judge REDFIELD towards the close of the opinion in *Paine* v. *Leicester*, 22 Vt. 40–41, may properly be commended to renewed attention.

Judgment affirmed.